UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                          Plaintiff,

Case #11-CR-6051-FPG

v.

DECISION & ORDER

WILLIAM HERBERT SCHLIEBENER, JR.,

                          Defendant.

---

By text order dated March 10, 2011, this case was referred to United States Magistrate Judge Jonathan W. Feldman, pursuant to 28 U.S.C. §§ 636(b)(1)(A) and (B). Dkt. #2. The indictment in this case alleges that Defendant William Herbert Schliebener, Jr. transported a minor across state lines to engage in sexual conduct in violation of 18 U.S.C. § 2423(a), and utilized the internet and a cellular phone to intice that minor to engage in sexual activity in violation of 18 U.S.C. § 2422(b). Dkt. #1.

Defendant's motion seeks to suppress statements he made on October 3, 2010 prior to being handcuffed at his residence, evidence of the victim's presence at and her belongings that were retrieved from Defendant's residence on October 3, 2010, and evidence seized pursuant to search warrants issued for Defendant's residence and his computer. Dkt. #24. Magistrate Judge Feldman held a suppression hearing on March 15, 2013 where Deputy Justin Matthews and Corporal Kenneth Gilstrap of the Lee County Sheriff's Office in Sanford, North Carolina were called to testify by the government. Defendant did not present any witnesses. Dkt. #39. On July 22, 2013, Magistrate Judge Feldman issued his Report and Recommendation (Dkt. #47), which recommends the denial of Defendant's suppression motions. Defendant filed his objections to

the Report and Recommendation on September 4, 2013 (Dkt. #49), and the government responded on September 27, 2013. Dkt. #51.

Since Defendant has filed objections, this Court must conduct a *de novo* review of those portions of the Report and Recommendation to which objections have been made. *See* 28 U.S.C. § 636(b)(1)(C). In doing so, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." *Id.* As part of this review, the Court has considered all of the parties' submissions to date, as well as the transcript of the suppression hearing. Based upon that *de novo* review, I find no basis to alter, modify or reject the Magistrate Judge's Report and Recommendation.

Regarding Defendant's motion to suppress statements he made to Deputy Matthews, Defendant objects to Magistrate Judge Feldman's conclusion that the statements were not the product of a custodial interrogation and *Miranda*[1] warnings were therefore not required.

In determining whether a person is "in custody" for *Miranda* purposes, the "overarching custody question is whether a reasonable person in the suspect's position would have understood [himself] to be subjected to restraints comparable to those associated with a formal arrest." *United States v. FNU LNU*, 653 F.3d 144, 153 (2d Cir. 2011) (internal citations, quotations and alterations omitted). In making this objective determination, courts consider the circumstances surrounding the encounter with law enforcement, including such factors as the duration of the encounter, the location of the encounter, whether the officers used restraints, whether weapons were present or displayed, and whether officers told the suspect they were free to leave or under suspicion. *Id.*

This Court reaches the same conclusion as Magistrate Judge Feldman, in that Schliebener was not "in custody" on October 3, 2010 at the time he made the statements that are the subject

---

[1] *Miranda v. Arizona*, 384 U.S. 436 (1966).

2

of this motion. The record evidence demonstrates that Deputy Matthews approached Defendant at his residence, identified himself as a law enforcement officer, and sought Defendant's assistance in locating a missing juvenile. At no time did Deputy Matthews draw his weapon, there was no force used, no threats were made, and Defendant was not coerced in any manner. The record testimony reflects that the entire encounter was relatively short, and that Defendant was calm and cooperative throughout. Defendant was never searched or patted-down, he was not handcuffed at the time the statements were made[2], and he was not threatened with arrest. There is simply no evidence in the record that Defendant was compelled to stay or answer any of Deputy Matthews' questions. Based upon the totality of the circumstances, this Court agrees with Magistrate Judge Feldman and concludes that a reasonable person would have understood that they were free to stop answering questions and either re-enter their house, or ask Deupty Matthews to leave. As such, Defendant was not "in custody" at the time of the encounter, and therefore *Miranda* warnings were not required.

Regarding Defendant's motion to suppress evidence regarding the presence of the victim at his residence, and although Defendant has not objected to this portion of the Report and Recommendation, the Court will first address Defendant's original claim that law enforcement's act of calling out the victim's name to come outside "amounted to a *de facto* warrantless search of the house." Dkt. #42. This Court is unaware of any legal support for this proposition, and counsel does not cite any authority for this claim. Further, as Magistrate Judge Feldman pointed out, the factual claims made by Defendant are not consistent with the evidence adduced at the hearing, which revealed that Defendant himself yelled for the victim to come out of the house. The Court finds nothing in this conduct that would provide a valid basis for suppression.

---

[2] Defendant was handcuffed and arrested at a later point, and the government has indicated that they will not introduce any statements made subsequent to his arrest.

3

Defendant has objected to Magistrate Judge Feldman's determination that he voluntarily consented to Corporal Gilstrap entering his residence for the purpose of retrieving the victim's belongings.

The government bears the burden of establishing by a preponderance of the evidence that consent to search was freely and voluntarily given. *United States v. Isiofia*, 370 F.3d 226, 231 (2d Cir. 2004). "Voluntariness is a question of fact determined by a 'totality of all the circumstances.'" *Id.* (quoting *Schneckloth v. Bustamonte*, 412 U.S. 218, 227 (1973)). While it is true that Defendant was handcuffed at the time he was asked for and gave consent, it is well settled that "custody alone has never been enough in itself to demonstrate a coerced…consent to search." *United States v. Watson*, 423 U.S. 411, 424 (1976). In evaluating the totality of the circumstances, this Court concludes that Defendant's consent to search was voluntarily made, and is therefore valid. The uncontroverted testimony establishes that Corporal Gilstrap asked for Defendant's permission to enter his residence for the purpose of removing the victim's personal belongings. There were no threats or promises made to Defendant, nor was there any type of coercion. Corporal Gilstrap clearly stated the purpose for his requesting consent to search Defendant's residence: to retrieve the minor victim's personal belongings.

After receiving Defendant's consent, Corporal Gilstrap and the victim briefly entered the residence, and did not retrieve anything other than the victim's belongings. Corporal Gilstrap did not conduct a further search of the residence, and he did not take any notes of what he observed while inside the residence. In other words, Corporal Gilstrap carefully limited his search of the residence to its stated purpose, and stayed within the scope of the consent given by Defendant. *See Florida v. Jimeno*, 500 U.S. 248, 252 (1991). ("A suspect may of course delimit as he chooses the scope of the search to which he consents.")

Based on the totality of the circumstances, this Court concludes, as did Magistrate Judge Feldman, that the government has met its burden of establishing that Defendant voluntarily consented to the limited search conducted by Corporal Gilstrap, in which he, accompanied by the minor victim, retrieved the victim's belongings from inside the residence.

Finally, Defendant seeks the suppression of any evidence gathered from the execution of search warrants, on the basis that they constitute "fruit of the poisonous tree." Defendants' challenge is premised on the assertion that the affidavits submitted in support of the warrants "relied upon evidence that was unlawfully seized." Dkt. #42. Since this Court has concluded, as did Magistrate Judge Feldman, that the conduct of law enforcement on October 3, 2010 was entirely proper and lawful, there is no basis for a "fruit of the poisonous tree" argument.

Based on all of the foregoing, the Court accepts and adopts the Report and Recommendation filed by United States Magistrate Judge Jonathan W. Feldman (Dkt. #47) in its entirety, and Defendant's motions to suppress (Dkt. #24) are denied in all respects.

IT IS SO ORDERED.

DATED:   Rochester, New York
         October 31, 2013

HON. FRANK P. GERACI, JR.
United States District Judge